**LODGE 700 OF INTERNATIONAL AS-
SOCIATION OF MACHINISTS,
Plaintiff,**

v.

**UNITED AIRCRAFT CORPORATION,
Defendant.**

**Civ. No. 8578.**

United States District Court
D. Connecticut.

March 22, 1961.

Supplemental Opinion April 14, 1961.

Vincent J. Scamporino, Middletown, Conn., for plaintiff.

Charles A. Mahan, East Hartford, Conn., for defendant.

ANDERSON, Chief Judge.

This is an action brought by the plaintiff union to compel arbitration of a claimed grievance arising out of a collective bargaining agreement entered into between the plaintiff and the defendant corporation. The jurisdiction of this court derives from § 301(a) of the Labor Management Relations Act of. 1947, 29 U.S.C.A. § 185(a).

The facts, agreed upon by the parties, are as follows:

On June 16, 1960 the defendant corporation discharged William J. Stewart, an employee at the Connecticut Aircraft Nuclear Engine Laboratory in Middletown, a division of the defendant corporation, hereinafter called "Canel." The grievance procedure in Article V of the collective bargaining agreement covering Stewart was followed through Step 4 without success and the plaintiff requested submission of the issue to arbitration.

The defendant has manufacturing plants in various places in the State of Connecticut. One is in East Hartford, another, called "Canel", is in Middletown.

Stewart began his employment at the East Hartford plant on November 15, 1954, where he remained until May, 1960, when he was transferred to Canel. At the time of his transfer he had become Vice President of Lodge 1746, the local, branch of the International Association of Machinists at East Hartford; and prior thereto, he had for some time been a union committeeman of that Lodge.

After his transfer to Canel, Lodge 1746 at East Hartford went on a strike against the defendant at East Hartford. There was no strike at Canel, and Stewart and the other members of Lodge 700 at Canel continued to perform their duties as employees at Canel and to receive their pay. Stewart, however, when he was not engaged in his employment at Canel, actively participated as a picket with members of Lodge 1746 at the defendant's East Hartford plant.

It was the practice and understanding by the defendant and the International Association of Machinists, the parent union of the lodge units at each of the defendant's plants, that each plant and the union local at that plant, for the purposes of collective bargaining, were treated as separate entities; and a separate collective bargaining agreement was entered into by United Aircraft Corporation, acting for and on behalf of Canel, with the Lodge of the International Association of Machinists located at that plant. It so happened that on the date of Stewart's discharge, June 16, 1960, the only outstanding and operative collective bargaining agreement among the plants and the respective lodge units was the agreement at Canel, with which the court is concerned in this case; but by the time of the filing of the petition, separate collective bargaining agreements had also been entered into at the other plants with the respective unions located there.

The question in this case is whether or not the grievance procedure culminating in arbitration, as provided in Article V of the Collective Bargaining Agreement of September 1, 1959 between the parties, may be invoked by the plaintiff, as it asserts, or has been lost by the plaintiff because of that portion of Article XI of the agreement which provides, "employees participating in any strike, slowdown, or concerted stoppage of work shall be subject to discharge by the company without recourse to the grievance procedure or arbitration."

The defendant interprets this clause to mean any strike, at any time, at any of its plants. The plaintiff says that it refers only to a strike at Canel.

While it is true that it might at first glance appear somewhat contrary to the general spirit of the collective bargaining agreement that an employee member of the plaintiff is forbidden to participate in any strike, the agreement can hardly be construed to forbid picketing activity by an employee member of the plaintiff, as an individual, outside of his hours of employment at Canel. There is no question that he could, as an individual, engage in picketing at the plant of "X corporation," which has no connection whatever with the defendant. The question then arises whether the power of an employee to make such use of his spare time is lost because the picketing is performed at another plant of the same corporation. The answer to this must depend upon the intention of the parties as disclosed by the collective bargaining agreement.

As has so often been said by courts in construing agreements, the question is not what the parties meant to say, but what they intended by what they did say. It is perfectly clear that the over-all plan or scheme of labor-management relationship between the parent union, International Association of Machinists, and United Aircraft Corporation was to make separate and distinct collective bargaining agreements for each plant with the local of the union at that plant, as if both the plant and the local unit of the union were distinct entities, separate from their respective parent organizations. There does not appear in the collective bargaining agreement for Canel any correlative rights and duties which affect or require consideration of activities by either the employer or employees at other divisions and plants of United Aircraft Corporation. This general conclusion is not altered by the fact that grievance procedure in its final arbitration stage calls for conferences between officials of the parent company and the parent union. Although the parent company, United Aircraft Corporation, has the authority

to transfer an employee from Canel to another one of its plants, there is nothing at all in the collective bargaining agreement for Canel which indicates that upon such transfer the employee carries with him the rights and duties which affected him under the collective bargaining agreement at Canel.

The defendant's assertion that a construction of the agreement which would exclude Stewart's activity from the meaning and effect of the phrase "participating in any strike," as used in the contract, would lead to "inexplicable results" in that "all employees at the Canel plant could picket at the company's East Hartford plant while all employees at the East Hartford plant could picket the Canel plant without any of them participating in a strike" and thus, with impunity, interrupt production, is not a useful projection because there is a distinction between purely individual action, as in the present case, and similar activity by all of the members of Lodge 700 or even several of them acting together. Concerted action would create an inference that Lodge 700 was seeking some benefit for itself, directly or indirectly, at Canel, even though it was not expressly claimed, and the activity might well be found to be tantamount to a strike at Canel. This would certainly be so where reciprocal picketing was carried on, for the out-of-town union would, in effect, be acting as agent for the local in stopping work.

A similar inference might arise where economic sanctions against the defendant at East Hartford, for instance, were effectuated by a group of employees, members of the plaintiff at Canel, where, but for the assistance of the plaintiff's members, a strike or similar action by the local lodge at East Hartford, would have brought about no such sanctions.

When individual activities enlarge to the point where they begin to appear as a maneuver by Lodge 700, at a plant other than Canel, to achieve some direct or indirect benefit for itself and the individuals involved are thus participating in what, within the intent and purpose of the collective bargaining agreement, is the equivalent of a strike against the defendant at Canel, are matters of degree and cannot be precisely delineated. Each case must be decided in the context of the existing circumstances.

Here, however, there are no facts which indicate that this was anything but individual activity by Stewart.

The court concludes, therefore, that Stewart did not participate in any strike within the terms of Article XI of the contract which covered him as a Canel employee. It is undisputed that Stewart was discharged, and it is mandatory under Article V, § 4(a) that, following the plaintiff's request, the grievance arising out of his discharge be arbitrated. The defendant is, therefore, ordered to proceed with arbitration.

### Supplemental Opinion

Since the memorandum filed on this motion on March 22, 1961, the defendant has moved, in effect, to have the decision reopened and amended because of what it claims was an erroneous interpretation by the court of the collective bargaining agreement with which the case is concerned. It points particularly to that portion of the court's memorandum which reads as follows:

"There does not appear in the collective bargaining agreement for Canel any correlative rights and duties which affect or require consideration of activities by either the employer or employees at other divisions and plants of United Aircraft Corporation."

The defendant argues that there were a number of provisions in the collective bargaining agreement then operative at Canel, such as holiday pay, vacation and the like, which depended upon the length of employment with the company, regardless of division. The defendant, however, misconstrues the court's meaning. The portion of the memorandum above quoted simply meant that once an individual obtained the status of an employee at Canel, his rights and duties were determined solely by reference to

the Canel agreement. The fact that certain legal relations between the Canel division and an employee at that plant were defined or applied in a way which required consideration of former periods of employment of the employee at other divisions of the defendant in no way alters the court's conclusion that the defendant treated each plant and its employees as a separate entity. For example, it would have been perfectly possible for the Canel agreement to provide that the length of the vacation of an individual employee be determined by the number of years the employee had attended high school or college.

The defendant's motion is denied.